Mr. Brower, happy to hear from you. Thank you, Your Honor, and may it please the court. Max Brower on behalf of plaintiff appellant Karen Ramsay. Essentially at issue in this case is whether the district court erred in requiring a heightened fact pleading under plaintiff's FDCPA claims. Plaintiff alleged two theories of liability in this case. The first regarding whether Sawyer Property Management, the loss of Jeffrey Tapper, placed an unauthorized stamp on a court order that was false, deceptive, or misleading to a least sophisticated consumer. And the second theory of liability addresses whether Sawyer Property Management was even allowed to collect this debt because they were an unlicensed debt collector under Maryland state law. If I may, I'd like to begin with the first issue dealing with the stamp. And this is a novel issue, in fact there is no precedent anywhere that I'm aware of in the United States that deals with a debt collector modifying a court order with a debt collection stamp. Now in the state of Maryland, in post judgment discovery proceedings, judgment creditors effectively have two options. The first of which is to engage in post judgment interrogatories. The second, which is more which I'd like to call the nuclear option, is to bring the consumers into court under a court order to discover their assets in front of a judge. Now I mentioned this second option as the nuclear option because if consumers fail to appear at these oral exams, then they may be imprisoned. And for certain consumers, particularly we pled one consumer, BBB, who failed to appear when this court order was modified with a debt collector stamp, was imprisoned and had a bond set at approximately the amount of the debt. And when things like these happen, it confuses consumers into whether they're being of a debt, which is unconstitutional in Maryland and every state in the Union that I'm aware of, or whether the consumers are being imprisoned. But isn't the, I mean, you have a problem with the Maryland process in general, don't you? Not necessarily, your honor. The problem is with the stamp at the top of the form. Okay, but then the touchstone, let's just say the Act doesn't say anything about it. It doesn't require it, that it be affixed there. It doesn't prohibit it. The inquiry we have to make is whether a consumer or the least sophisticated consumer would be misled or confused by it. And as I understand it, at least part of the question is, did the stamp affixed by the attorney cause you to think that this was not some kind of court order? And I think, your honor, based on the complaint, and again, this is 12b6 motion to dismiss, based on the pleadings in the amended complaint, the stamp was affixed, not just on Ms. Ramsey's complaint, but on many other consumers who, not their complaint, on the court order. Back up, though, if you would, just a minute. In making this determination that you and Judge Wilkinson have been talking about, do we look at the stamp only, or do we look at the entire document on which the stamp appears? And does that make a difference in this case? We do look at the entire document, and I think it's an issue of fact, or at least one that should require some discovery of whether… Since we're looking at the whole document, and it does say order of the court and is signed by a judge, why doesn't that take away the issue of confusion? Well, at that point, we're left with conflicting information. I'll acknowledge three things on the court order that could influence a consumer. The first, obviously, is the stamp, which appears at the top of the page. The next thing you see is a request. Then at the bottom of the page, there is an order signed by the judge. On the back side of the form, we do acknowledge that there are instructions which say, if you don't appear, you could be arrested. But it says right up there, District Court of Maryland of Baltimore County, both on the DCC v. 32 and 33. And then, as my colleague points out, it says at the bottom, order of court. Is this really… And then it says request for order directing defendant to appear in examination. If you look at the whole document, would someone really be confused about the nature of the document? Yes, I do, Your Honor. Tell me why you think that. Well, there's three considerations. First, there's the courts, if I may. Deception, there's a scale of deception. There are some things that are clearly deceptive, some things that are clearly not. I think this is in the gray area. And I'd like to place and contrast this case with the courts holding in Miller v. Paco General Credit, where in that case it was a debt collection Dunning letter at the top in two-inch white letters against a red background, stated immediate full payment in all capital letters, phone us today and now. On the back side, it included the 1692 D notice. I think there's another aspect of this, too, and that is the language that you take exception to was language required by the statute, was it not? Not in all circumstances. For example, there's a formal pleading exception. The statute does not explicitly require that to come. What kind of remedy are you seeking here? Actual and statutory damages under the Federal Fair Debt Collection Practices Act. My point is, is it right to assess statutory damages against someone who, at least from the appearance of it, is trying to do his best to comply with the act and is acting out of what appears to be an abundance of caution? I mean, I have some reservation about just imposing damages on an attorney who seems to be, maybe he's a little overzealous about it, but seems to be doing his best to comply. Your Honor, we don't know what the mental impression of the attorney is. Why else would he be doing that? Honestly, Your Honor, it could be... He wouldn't be putting that in to mislead anybody, would he? Well, first thing is that the mental impression is irrelevant. If it's misleading, if it's false, if it's deceptive, the inquiry ends there under the statute. We simply don't know what the mental impression is. Perhaps if somebody goes to jail, they're more likely to pay their debt. I don't know. It's simply not at issue in 12b-6. It's not in the amended complaint. I think, more specifically, we should focus on the requirements in Twombly. In fact, Twombly has expressly rejected heightened fact pleading and even says that a well-completed complaint may proceed... ...as far as 12b-6 is concerned. We have before us both the DC, what is it, the Form 32 and the Form 33. And so, you know, they would... I would assume that the district court would look at those. Did you attach them to the complaint? I assume you did. Yes, and they're in the record. So that would be legitimately referring to those in the summary, in the 12b-6 dismissal. But the problem I have with it, with one difficulty that I have with your argument... ...is that both at the top and the bottom, it appears to indicate it's a court order. As I say, it starts District Court of Maryland for Baltimore County. And then at the bottom it says, show cause order for contempt or order of court. And then it's signed by the judge. And so that is the key document for purposes of the 12b-6 motion. And I just am a little bit skeptical of how someone would be confused by a document... ...which states very explicitly up at its top and very explicitly at its bottom that it's a court order. You need to answer that for me. Two reasons why, Your Honor. First, the National Center for Education Statistics has actually studied literacy levels of Americans. In the National Assessment of Adult Literacy, this is available online. Your Honors may take a look at it at www.ncs.ed.gov. Thirty-four to fifty-five percent of adults in the United States are at a basic level of literacy... ...meaning they can't deal with conflicting information. And what we have here is conflicting information. We have a stamp that says it's from a debt collector. It's at the top. There's also the name of a court at the top. A consumer is likely to look at the top first. We read from top to bottom, left to right. The information that appears further down on the back side of the page... ...are only likely to give consumers impressions after they read that conflicting information at the top. And when we're dealing with the least sophisticated consumer... ...which this Court has acknowledged can be a gullible consumer... ...which the Seventh Circuit has acknowledged is literally the lowest rung on the sophistication ladder... ...we see that, although I have no doubt that every judge and attorney in the United States of America... ...would find this stamp not confusing at all and this form perfectly clear... ...but it's not subjectively what we as experts find deceptive... ...but it has to do with what that person at that below basic or even basic level of understanding understands. And secondly, this is just a complaint. We're not required to plead expert discovery. And the great irony in this case would be dismissed... ...is that it's not in the record because we can't get our expert in... ...but in analogous or similarly situated state cases involving the same issue... ...we went out and we hired Dr. Thomas Moronic... ...who for 17 years was a director of impact evaluation at the Federal Trade Commission... ...researched this, obtained an expert report... ...he conducted a report using these very same stamped forms at issue... ...and concluded that, in fact, these stamps made a difference. Now, the court feels that it's appropriate for us to plead that. We had requested leave to amend below... ...and we would respectfully request that this case be reversed and remanded... ...so we could plead those findings... ...although it's never been required, in fact, in the Robinson v. C. Pines case... ...this court effectively said that we need not make our case or forecast evidence. Now, I have only a little bit of time left... ...if I may address the collection agency issue. This one, I think, is slightly more clear. It starts with Maryland state law. Maryland Business Regulation 7301A1, small Roman numeral I... ...clearly states that anyone who collects on behalf of another is a collection agency. And unlike the FDCPA, it doesn't have the requirement that the debt is in default... ...at the time that it's acquired. So the plain meaning of that Maryland statute is clear... ...that Sawyer Property Management needs to be licensed as a debt collector. And the District Court of Maryland and other district courts in the Fourth Circuit... ...Fair Debt Collection Practices Act... ...for an unlicensed debt collector to attempt to collect a debt... ...which Sawyer attempted to do in this case. Why is it a debt collector? I mean, it seems to me to be just a rental agent or, you know... ...because most real property developments... ...very often the rental agent sort of lives in one of the residential units... ...they always have somebody who greets people that comes... ...who come to look at the different units and shows them the units... ...and tries to get business by having as many people as possible... ...occupy the units, they try to get it at full occupancy... ...they explain the leases to them. It seemed to me that that was what Sawyer did. It was more of a property manager than it was a debt collector. Well, Your Honor, under the state law... ...all that's required is that the collector collect... ...and if I may answer the question... I was just talking about the FDCPA. Just under the FDCPA, Your Honor. I think it meets the... If you're a debt collector, if you're a paper person... ...if you're a delivery person for the Washington Post... ...you're a debt collector. I'm a 10-year-old. I deliver newspapers. I'm a debt collector under the Maryland statute. Oh, well, no, Your Honor. Why not? It seems to me you're asking us to accept an unlimited statutory reach... ...and it clearly isn't. There have to be limits. Why don't you tell us what kind of limits the Maryland courts have put on it? The Maryland state courts actually have not addressed... Well, to answer the question, would you like me to answer the FDCPA question? No, you were talking about the Maryland definition, weren't you? Yes, but then Judge Wilkinson had also asked me about the FDCPA... ...and I just want to make sure I sum everything up here. You should answer Judge Keenan's question. I didn't mean to cut across that. It seemed to me a better question. Okay. There is no Maryland state case law, and I think this would be a question that could be properly certified... ...to the Maryland Court of Appeals. The Maryland Department of Labor, Licensing, and Regulation... ...has taken action against property managers. For example, a case against Condo Property Management Association... ...because they collect on behalf of another on behalf of the Homeowners Association. That's all that's required. The gravamen of what the property manager does is... ...so that the property owner doesn't have to be bothered with keeping the books... ...and collecting the debts or the rents. The property manager, at its core, is taking money in exchange... ...for the consumer to live in the owner or landlord's property. Thank you, sir. And you have some time for rebuttal as well. Thank you, sir. Mr. Dickerman. Actually, I'm Mr. Ray. I'm sorry. Yes, I think I can explain. Good morning, Your Honors, and may it please the Court. You're Mr. Ray, is it? Ray, yes. Okay, great. I will be arguing and discussing the licensing and the issue... ...of whether or not Sawyer Property Management is a debt collection agency. I represent Sawyer Property Management. My co-counsel, Mr. Dickerman, will argue the disclosure issue... ...and we'll split our time evenly. It is clear in this case, as the District Court properly concluded... ...that Sawyer Property Management, as Your Honors, I think, alluded to... ...is not a debt collector, particularly within the meaning of the FDCPA. The FDCPA has two requirements and one exception for an organization... ...to be a debt collector. One, it is any person who uses instrumentalities of interstate commerce... ...in any business, the principal purpose of which is the collection of debts. And two, one who regularly collects debts owed or due to another. There are a number of arguments below, I think each of which the District Court... ...recognized and upheld, that the FDCPA does not apply to creditors... ...collecting debts in their own names and whose primary business... ...is not debt collection. In the instant case, even if that were not the case... ...and those two factors did not apply, 15 U.S.C. section 1692 A.6.F.3... ...expressly excludes, and I quote, any person collecting or attempting to collect... ...any debt owed or due or asserted to be owed or due to another... ...to the extent such activity, and this is section 3, concerns a debt... ...collector at the time it was obtained by such person. So even if Sawyer Property Management is deemed to otherwise be a debt collector... ...and we would argue they are not, there is absolutely no allegation in this... ...complaint, and indeed there cannot be, that Sawyer only took on these debts... ...once they were in default. As the record reflects in this case, and this is starting at JA 107, the lease... ...Sawyer was identified as the lessor, and it was identified as Sawyer Property Management... ...as agent for Woodmore, but identified as the lessor, the landlord. Indeed, the lease states in pertinent part, this lease is made on October 16, 2007... ...whereby Sawyer Property Management of Maryland, agent for SR Woodmore LLC... ...here and after is referred to as landlord. Sawyer took on obligations and rights as a landlord under that lease, and then when... ...the tenant in this case defaulted on her rent due, Sawyer retained a licensed attorney... ...who by de facto is a collection agent licensed under Maryland law, to file suit. Tapper then filed suit on behalf of the landlord, identified under the lease which was... ...Sawyer Property Management. Judgment was entered on behalf of Sawyer Property Management. The execution occurred on behalf of Sawyer Property Management. All of these facts are not in dispute, all of these facts are alleged in the very documents... ...you referred to, Judge Wilkinson, which were attached to the complaint. And as the District Court properly held, as a matter of law in the Fourth Circuit, if the documents... ...for any reason that are attached to a complaint contradict the bare or conclusory allegations... ...the court looks to the documents. And in this case, that's the Vinnie case. We understand that. Thank you very much, sir. Okay, I will move on then. Excuse me, your time has expired. Oh, it has. Thank you. Okay. Mr. Ray? Good afternoon. James Dickerman on behalf of Mr. Tapper. I'm sorry. It's a little confusing that there are two of us. The... Yes. ...is inadvertently mixed you up. Okay. As Mr. Ray indicated, I'm going to focus my argument on the disclosure theory. I certainly adopt Mr. Ray's argument on the licensing issue. I think that Judge Bennett and the District Court got this exactly right... ...where he said, even with the disclosure stamp added by Mr. Tapper, plaintiff presents no facts... ...illustrating that a person with a basic level of understanding and willingness to read with care... ...would have failed to see the documents as court orders. And that's what the least sophisticated standard is, and I think the court could affirm it on that basis. What would have to be pled to demonstrate that? Well, I think the facts that would have to be pled is something to establish that... ...would have to plead facts that show that a reasonable person seeing this would be confused by the document. Well, on its face, it's conflicting. Do you agree? I don't agree that it's conflicting. Well, no one should put anything on a court order at all. Well, and I guess... Do you agree with that? I do, and I don't think that he did put it on a court order. And I think what needs to be understood is how these forms work. What an attorney does is they fill out the top of the form, and the stamp was pled by Mr. Tapper on the form... ...and he presents that to the court. Also, the judge shouldn't have signed it. Well, you can...  Well, I believe that the... Again, this is the form that the district court has that an attorney must fill out in order to get an oral examination... ...and in order to have... But the stamp is not required. Well, actually, Your Honor... Alleging that the stamp is required by the court before it signs this order? I believe it's not required by the court. I believe it is required under the Fair Debt Collection Act. And the reason... That's arguable in terms of some question about that. Well, let me explain why, because I think this is important and the easier way for this court to resolve this case. Clearly, documents filed with the court fall within the provisions of the Fair Debt Collection Act... ...and an attorney filing things with the court needs to comply with the Act. And under 1692E11, communications by a debt collector need to have the disclosure unless they are formal pleadings. And this falls within the definition of a communication as interpreted by the Act. That's what cover letters are for. But this, in and of itself, is a communication. No, no, but that's what cover letters are for when you send someone a letter. But in... This court in Sayad indicated that the Fair Debt Collection Act defined communication broadly. And they cited to 1692A2, and they said, A communication is the conveying of information regarding a debt directly or indirectly to any person through any medium. So when Mr. Tapper filled out the top of the form and submitted it to the court, a copy of which is maintained in the court file, that's actually an indirect communication to the debtor. All right, so what is your view as to what the dispositive question is? Whether the least sophisticated consumer would be misled or confused, or whether this particular document here qualifies as a communication? Or are you arguing both? I'm arguing both, and I think under either prong... So you think it's a communication, and you think it's required. And even if it's not required, it's not confusing. Exactly, Your Honor. So that's what you're... Exactly, and in fact, attorneys have been sued for using these exact forms for not putting the stamp on. So really, an attorney's in a dilemma. If you don't put it on, you're sued for saying it should be there. And if you put it on, you're sued to say it's confusing. But again, if you go back to the definition of a communication as conveying information regarding a debt, and clearly filling out the top of the form communicates information regarding a debt directly or indirectly to any person through any medium. It's an odd kind of hybrid, isn't it? I mean, are these forms in... I mean, I'm not... I don't know that we should be stringing up an attorney based on the nature of the form. And I think Your Honor has it exactly right. Really, what their complaint is is with the form, and they think that the form... I don't disagree, Your Honor. How many states have this kind of hybrid form? I'm not aware of that, Your Honor. But the question is, what is an attorney... What's an attorney to do? As I indicated, attorneys have been sued for not putting a disclosure on requests for oral examinations or interrogatories saying... Your point is it's not right, either under the statute or just as a general matter, to rack up the attorney based on whatever difficulties are generated for attorneys by the nature of this form. We can't... I mean, I guess your view is you can't hold the attorney responsible for the nature of the form. Correct. And this is the form that is required to be filled out in order to get the relief sought. So... How do we know that from the record? On this record, the posture of this case is... How do we know that? Well, there's certainly no allegation in the complaint that there was some other... My question is, how do we know that? Well, based on the allegations... Well, I think, A, you can take judicial notice and the district court... Take judicial notice of Maryland law? Well, the district court certainly could as to what is required in the district court under the court rules. And I don't think there's any dispute that this is the form that's required to get this relief. But you go further than that. You say that this stamp has to be on there. And that's nothing. Well, how do we have... Where is that? Again... You're talking about practice and covering yourself and what lawyers should be strung up for doing. But I'm talking about where is the evidence that this stamp is required to make this request complete. And, Your Honor, I don't want to mislead you. My argument is not that the Maryland procedure requires the stamp. My argument is Maryland procedure requires using this form. The stamp is required in order for the attorney not to violate the Fair Debt Collection Act because this is a communication by a debt collector. Where is that? Is it a matter of law? You're saying that's a matter of law? Yeah. Under the definition of communication in the statute... It's a factual question, isn't it? Well, it's a question of... It's a mixed question, but it's factual. It has to be. Well, the question is, is this a document that conveys information regarding a debt directly or indirectly? There's no dispute that it goes to the debtor, is there? It doesn't. It gets signed and then served by the attorney. Under the broad definition of communication, this would be a communication. Exactly. In SAAD, the issue was whether a communication from a debt collector to the debtor's attorney constituted a communication to the debtor. And this Court said it was under this broad definition. But again, a communication that's filed with the court that ultimately gets to the debtor is a communication. And if the stamp is not there, we would have the same lawsuit, except they would be in here arguing we violated 1692E11 by not putting the stamp on because this is a communication by a debt collector. And the purpose of the statute is not to create a situation where the attorney gets sued if they put it on and sued if they don't. This was clearly an attorney trying to comply with the rules. The stamp is placed right next to the part of the form that says request for oral examination, which is what the attorney was doing in submitting to the court. You know, I don't know why you couldn't. It would seem to me not too difficult a matter to have two different forms, one which is purely a communication from the attorney or the debt collector and the other which is purely a court order. Yeah, and Your Honor is correct, and obviously it's not in the record, but I think there have been attempts to try to modify this form for that very reason. Can you cite any case where a federal court has said that Maryland's practice is appropriate and would overcome what otherwise is a confusing notice here? There's no case that you can cite that a federal court okayed this practice. No, but there's also no case. The answer to my question is no, right? That is correct. Okay, now I go to this. This is a federal statute. Even if Maryland has this conundrum we have here, it can't preempt federal law. So even if what you say, this stamp, whatever in that sense, we still have to examine under federal law whether or not you get from under the rigors of it is confusing. So it gets back to the question. It may be in a disjunctive, but I think you have a problem if this is confusing, even if you can establish that this is consistent with Maryland law. It's a federal statute, and if that's confusing, and good faith is not a defense. Do you agree with that? I do agree with you, Your Honor. So good faith nor complying with an inappropriate state rule is a defense. So we still have to get back to whether or not this is confusing. My argument, Your Honor, the defense isn't that we're complying with the court rule. The argument is that Mr. Tapper is complying with the federal statute. So you couldn't have a situation where you say section 1692E11 requires you to put a stamp on, but other provisions of the section. Whether it's confusing or not, this is a communication, and we have to do it. So you can't have one provision that says you violate the act if you don't put the stamp on and another provision that says if you put the stamp on, you make it confusing, and therefore you violate the act. So why at this point do we accept everything? You're the moving party. We want to turn this on its head. We're going to take all presumptions on your side. That's not what the law says. What are we on? Appeal of what? What was the court order? Dismissal, right? 12B6. 12B6. Correct? Not summary judgment, but 12B6. Right. But you want us to take all those presumptions in your favor. I don't think it's a presumption. It's a question of the definition of a communication, which is... That's a mixed-facts question. It has to be. Right? Well, I don't think... First of all, this is not your communication. This is the court order.  Well, the initial, when the stamp was put on, it's filled out by the attorney and submitted to the court. I don't think reasonable... Do you have an affidavit that says that? There's no dispute to that. No, I didn't ask you that. Is there an affidavit to that effect? There is not, Your Honor. Well, that's what I thought. How are we going to just... On 12B6, you get all the benefits. You don't have to give an affidavit or anything. Just, I said so. So it's right? Well, there's... Again, there's no... The allegation is that the stamp is placed on the court, and it's placed on the document. It's submitted to the court. The court signs it. It's returned to Mr. Tapper, and he serves it on the debtor. Right. Those facts, that's what's alleged in the complaint, and there's no dispute as to that. Your argument is, I suspect, that, look, this is a communication. Yes. It's presented to us by Maryland law. We're stuck with that. Yes. And in order to comply with the statute, we have to affix the stamp. Right. And you can't interpret a statute to say you violate it if you do it, and you violate it if you don't. Unless we find that, in fact, this is not a communication with such a stamp as this is required. If you find... We do have that option somewhere, don't we, in federal public court? Yes. You do have the option of finding this isn't a communication, and then I think it gets to the issue about whether or not it's confusing, and I agree with that. But you do have the option of determining it is a communication as a matter of law, and that answers the question. You may or may not be right, but this is not even summary judgment. It's just, my goodness. Well, Iqbal and Twombly have said that the theory of recovery has got to be plausible, not just conceivable or possible. That's correct. And again, I mean, to interpret a statute to leave an attorney with no way to comply with it and be subject, again, subject to litigation if they do it, subject to litigation if they don't, is an appropriate way to interpret the statute. You mean to tell me a lawyer would have no... You said if you sent this with a cover letter saying you're an attorney of the law and that this communication is being sent to you, court documents, and I'm a debt collector and this same information is there, that wouldn't be compliant with the statute unless you put the stamp on every page of every sheet? Well, again, if that was done, I'm sure they would be saying that the cover letter was confusing because it was inconsistent with the court order. So they would be making the exact same argument. You mean the cover letter would be inconsistent with the court order? How would that be? Because they would be getting a document with a cover letter saying this is a communication from a debt collector and they'd be getting a court order. It's a lawyer sending you, as required, I assume, by Maryland law, to send you what the court has ordered. That's what it would be saying, wouldn't it? You wouldn't be misrepresenting the document. You would say, I'm a debt collector. Anything you give me may or may not be used to cover the debt. However, attached here, too, is an order from the court which I am conveying to you. That wouldn't be confusing at all. It would make common sense and be fair to the least literate. Because we're talking about sort of rather sort of presumptively about what Americans and what people, many times people under these debts, they have very little skills in that sense. With all due respect, I believe if that was done they would be here making the exact same argument, that the cover letter indicates that this is coming from a debt collector, it's attaching a court order, and that would be confusing. So they would be making the exact same argument if you used a cover letter instead of a stamp. That would be rather speculative on 12B6, wouldn't it, in terms of it's like a chicken little argument. Well, if you don't rule in our favor, they'll take anything out of the universe and still sue us. Well, it is in speculation. It's tough standing for any plaintiff to meet, isn't it? If I don't win, the sky is going to fall in. So therefore the federal court is supposed to say, okay, we don't want the sky to fall in so you lose. Yeah, it's not speculation that the failure to put such a stamp will cause litigation because there are cases out there where that's happened. I just can't imagine, you know, I used to practice law a little bit, but I just can't imagine that an articulate lawyer could not give a cover letter that would make this clear to anybody that I'm a debt collector, I'm in favor of the people who owe you money, that you owe money to, but I am attached to an order that comes from the court for you to be present. I just can't believe that. I don't believe that the bar in Maryland or any other state is that bereft of articulation to do that without putting a stamp on a court order like this. And again, the stamp is put on before it's signed by the court. That's another matter. Well, if you interpret the whole document as a court order, then the stamp has been incorporated into the court order. Like I said, then that's a question whether or not any court should have signed it. Right, but to hold the attorney liable under the Fair Debt Collection Act for that would be inappropriate. Congress is the one that decided it's almost a strict liability statute. But you'd naturally now be holding them liable for something that a judge did. We don't know that because we're not even at summary judgment. You're saying all these things to us with no offense to you, but you're not on the oath. You're not taking the allegations. Well, again, there are no allegations in the complaint that say anything other than that. It don't have to because, like I said, you put this stamp on here, and the question is, if not, that's confusing. It's like saying you have a fancy court order and someone put on there, this is a joke. Do you think that would have an influence on notwithstanding how nice and official that court order would look if they put this as a joke? Again, there's no allegation in the complaint. I know that. That's why I'm asking you a hypothetical. Not that it is a joke, but there's no allegation in the complaint that the stamp was added after the order. I guess you're not going to answer my hypothetical. Well, could that have an effect? Yes. It could. Do you think it likely would? I don't know, but those aren't the facts that are alleged in this case. They never are when they're hypothetical. Again, there isn't an allegation that the stamp was added after the court order. So had they made that allegation... For the consumer purpose, it makes no difference whether the order that it was added. That's a red herring. What difference does it make? I'm reading this. I read it as a whole. I don't know whether this case is not a chicken or an egg determination for the reader or the person, perhaps, who can't read that well. The question is, is that inconsistent? Because a lot of times, this is the problem. Debt collectors sometimes, I'm not talking about your client, just generally, are so sometimes, they're all after you, after you, after you. If you see anything that says, look, this is from a debt collector, I'm not even going to that. That's my outright debt. This communication is from a debt collector. And you toss it. But what you really want them to know is, look, no, this is an order of the court. That's the confusing part of it. Because you don't want them to, I don't know what the motive may be, and I agree it's kind of hard press to see what it would be, but that's what Congress decided that you don't get good pay. The point is, that's the problem. Even Maryland can't save you if their practice is inconsistent with federal laws, the privacy clause in the Constitution. Oh, I agree with that. All right. But I submit it is, if you read the document as a whole, it isn't confusing. And then that's what Judge Bennett found, and I believe that's the proper interpretation. If you read, it says order of the court, you read all the disclosures, he found that even the least sophisticated consumer couldn't be confused, and I believe that's correct. All right. Thank you. Mr. Brower? Your Honor, I'll begin by addressing the stamp claim again first. And the first point is that this is not a communication from a debt collector. It's a court order. That's what the Eastern District of Virginia held on this exact issue in the Zevgeles case, which we addressed at length in our brief. And in that case, the Eastern District of Virginia held that the law offices of a fellow by the name of Greenberg completed the form, a similar form as the Maryland form, provided by the Hopewell Virginia District Court and submitted it to the clerk of the court. The clerk thereupon issued the summons to the Hopewell Sheriff's Office, which served it on Zevgeles at her former address by posting it on the door of the residence. The summons was not a communication from Greenberg, but rather a summons issued by an authorized clerk of the court performing official duties. As such, the clerk's communication is not the initial written communication between the creditor and the debtor because the clerk is not a debt collector as defined by the FDCPA. It's a well-reasoned opinion from a Fourth Circuit District Court that has concluded that this stamp is not required on similar court orders in other states because these are court orders, they're not communications from a debt collector. It's a well-reasoned district court case. Did it hold simply that it wasn't required or that it was prohibited? It just held that it was not required. As I began at the beginning of the case, there's no case at issue on whether such conduct is prohibited, but simply the motion to decide. Sometimes attorneys act out of an abundance of caution. If the case you were reading said it's not required, that may or may not be the case, but maybe the attorney feels I don't want to take that chance. Your Honor, you candidly told me there was no holding that the communication was prohibited. Your Honor, in this case I think it's simple. We've acknowledged that the form that Marilyn prescribes is on itself a little odd. So the question again is whether the attorneys are put in the position of meeting themselves going and coming, and if they include the stamp then you say, well, this is not a communication and it's confusing, and if they don't include the stamp then they get sued for saying, well, this is a communication. You should have put it in there. And so it puts any lawyer, just as a practical matter, you can think of a lawyer sitting around the office saying, you know, I don't know what we should do. We're just going to get hit either way. We could be darned if we do and darned if we don't. And that puts people in confronting with really practical problems in a difficult bind. Respectfully, Your Honor. I mean, I know you say they shouldn't have included the communication because they did and you want to challenge it. But, you know, if they had failed to put that, some other attorney or some other case, they could be sued for failing to put it in. You could say, you go ahead. I'm sorry, I said you. No. No, no. I was going to say, and to add on to that, the practical reality here is that what the courts are doing is transferring the part of the cost of doing business of the court to the litigating parties. I mean, if you appear regularly in the general district court or whatever its analog is in Maryland, you know there are hundreds of these cases. There are thousands of these cases. And so the court makes the person seeking to collect do most of the court's work for it. And then the lawyers, by filling out all the forms, because the clerk of the court doesn't have the staff to do it. So then the lawyer who's required to fill out all these forms is really put in a tough bind having to decide whether to put the stamp on it or not because the lawyer is doing the communication. I mean, the communication is from the court, but the lawyer is putting it all in motion and filling out the blanks aside from what is required by the judge to fill out. So aren't you really putting the lawyer in an almost impossible situation? No, Your Honor. A lawyer should not make a potentially confusing form more confusing by adding extraneous information. The lawyer simply requests the court order, and if the consumer doesn't appear, the consumer is not put in jail because of the attorney but because the consumer did not respond to the court's order. And I think to close, the court should tie its decision to Supreme Court precedent on deception in the seminal FTC versus Colgate-Palmolive case. The United States Supreme Court noted that one who goes parallelly close to an area of prescribed conduct runs the risk that they may cross the line. Confronted with the issue, the court should decide whether or not this stamp is required, and if it's not required, they went parallelly close to the line by making the form more confusing by adding extraneous information. Thank you, sir. Thank you.
judges: J. Harvie Wilkinson III, Roger L. Gregory, Barbara Milano Keenan